APPEAL,CLOSED,IFP,PROSE−NP,TYPE−F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24−cv−02061−UNA</u>

| | |
|---|---|
| SANTOYO v. SUPREME COURT OF THE UNITED STATES | Date Filed: 06/12/2024 |
| Assigned to: Unassigned | Date Terminated: 09/30/2024 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: None |
| | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**RUBEN SANTOYO**     represented by     **RUBEN SANTOYO**
11701 S. Laramie Avenue
Alsip, IL 60803
PRO SE

V.

**Defendant**

**SUPREME COURT OF THE UNITED STATES**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/12/2024 | | **Initiating Pleading & IFP Application Received on 6/12/2024.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (znmw) (Entered: 08/21/2024) |
| 06/12/2024 | 1 | COMPLAINT against SUPREME COURT OF THE UNITED STATES filed by RUBEN SANTOYO. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet, # 3 Summons)(znmw) (Entered: 08/21/2024) |
| 06/12/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by RUBEN SANTOYO. (znmw) (Entered: 08/21/2024) |
| 06/12/2024 | 3 | MOTION for CM/ECF Password by RUBEN SANTOYO. (Attachments: # 1 Text of Proposed Order)(znmw) (Entered: 08/21/2024) |
| 07/10/2024 | 4 | NOTICE OF RELATED CASE by RUBEN SANTOYO. Case related to Case No. 129493, Supreme Court of Illinois. (znmw) (Entered: 08/21/2024) |
| 09/30/2024 | 5 | MEMORANDUM AND OPINION. Signed by Judge Dabney L. Friedrich on 09/30/2024. (zcb) (Entered: 10/02/2024) |
| 09/30/2024 | | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the application of the plaintiff to proceed in forma pauperis 2 is granted (See Docket Entry 5 to view document). This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Dabney L. Friedrich on 09/30/2024. (zcb) (Entered: 10/02/2024) |

1

| 10/18/2024 | 6 | MOTION for Reconsideration re Order Dismissing Pro Se Case, by RUBEN SANTOYO. (zmtm) (Entered: 10/24/2024) |
| 12/05/2024 | 7 | ORDER denying 6 Motion for Reconsideration. Signed by Judge Loren L. AliKhan on 12/5/2024. (znmw) (Entered: 12/06/2024) |
| 01/20/2025 | 8 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 7 Order on Motion for Reconsideration by RUBEN SANTOYO. Fee Status: IFP. Parties have been notified. (zsl) (Entered: 01/21/2025) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Ruben Santoyo
_____
                    Plaintiff

            vs.                          Civil Action No. 1:24-cv-02061-UNA
                                         _____

The Supreme Court of the United States
_____
                    Defendant

## NOTICE OF APPEAL

Notice is hereby given this  20th      day of  **January**              , 20 **25**    , that

Ruben Santoyo

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the   12th         day of  December       , 20 24

in favor of  The Supreme Court of the United States

against said  Ruben Santoyo

_____
                    Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil
action must be filed within 30 days after the date of entry of judgment or 60 days if the United
States or officer or agency is a party)

**CLERK**        Please mail copies of the above Notice of Appeal to the following at the addresses
               indicated:

Plaintiff (Pro Se Litigant):
Ruben Santoyo
11701 S Laramie Ave
Alsip, IL 60803

Defendant:
Supreme Court of the United States
1 First St NE
Washington, DC 20543

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBEN SANTOYO, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )       Civil Action No. 1:24-cv-2061 (UNA) |
| | ) |
| SUPREME COURT OF | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**<u>ORDER</u>**

In June 2024, Plaintiff brought this action alleging that the Supreme Court of the United States had violated his right to due process and acted arbitrarily and capriciously when it denied his petition for a writ of certiorari as untimely. ECF No. 1. On September 30, 2024, the court dismissed the case without prejudice for lack of subject matter jurisdiction, explaining that a federal district court has no authority to compel the Supreme Court, its Justices, or its Clerk, to act. *See* ECF No. 3 at 1-2 (citing cases). On October 18, 2024, Plaintiff filed a motion for reconsideration, ECF No. 6, seeking to reinstate this case.

The court construes Plaintiff's motion as one to alter or amend judgment pursuant to Federal Rule 59(e). *See Emory v. Sec'y of Navy*, 819 F.2d 291, 293 (D.C. Cir. 1987) (explaining that "any motion that draws into question the correctness of the judgment," filed within twenty-eight days of that judgment, "is functionally a motion under Civil Rule 59(e), whatever its label"). Motions submitted pursuant to Rule 59(e) need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to

correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Here, Plaintiff had fallen short of that standard.

In his motion, Plaintiff reiterates his request for declaratory and injunctive relief. ECF No. 6, at 2. But the court has already rejected his request for declaratory and injunctive relief, ECF No. 5, at 1, and "a motion for reconsideration . . . cannot merely reargue previous factual and legal assertions," *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 546 (D.D.C. 1991). In any event, Plaintiff's argument is squarely foreclosed by the cases cited in the court's original opinion. ECF No. 3, at 1-2 (citing cases). While Plaintiff contends that his case is different because he is alleging violations of due process and equal protection, ECF No. 6, at 2, this court dismissed a nearly identical due process claim for lack of subject matter jurisdiction in *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007), and Plaintiff did not bring an equal protection claim in his original complaint and may not raise one for the first time in a Rule 59(e) motion, *see District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010) ("It is well settled that 'an issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised.'" (quoting *Holland v. Big River Minerals Corp.,* 181 F.3d 597, 605 (4th Cir. 1999))).

Accordingly, Plaintiff has failed to present a basis for the court to alter or amend the judgment under Rule 59(e), and his motion, ECF No. 6, is therefore **DENIED**.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date:   December 5, 2024

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RUBEN SANTOYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-2061 (UNA) |
| | ) | |
| SUPREME COURT OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). For the reasons stated below, the Court will grant the application anddismiss the complaint.

The plaintiff challenges the decision of the Supreme Court of the United States to deny his petition for a writ of certiorari as untimely. *See* Compl. ¶¶ 6-9. According to the plaintiff, "extraordinary circumstances . . . contributed to the delay in filing," *id*. ¶ 11, and he faults the Supreme Court for failing to consider them when it denied his petition, *id*. ¶ 12. The plaintiff alleges that the Supreme Court's decision arbitrary, capricious, and in violation of his right to due process. *See id*. ¶¶ 13-14. He demands a declaration that the Supreme Court's actions were unconstitutional, *see id*. ¶ 15.a., and an order directing the Supreme Court "to reconsider [his] petition for a writ of certiorari in light of the extraordinary circumstances presented," *id*. ¶ 15.b.

This federal district court has no authority to compel the Supreme Court, its Justices, or its Clerk to act. *Jones v. U.S. Supreme Ct.*, No. 10-cv-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v. Supreme Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 563 U.S. 914

1

(2011)); *see Panko v. Kodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081

(1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher

court to take an action.").  The Court will therefore dismiss the plaintiff's complaint and this civil

action for lack of subject matter jurisdiction.  *See Smith v. Supreme Court of the United States*,

No. 08-5171, 2008 WL 5532101, at *1 (D.C. Cir. Oct. 10, 2008) (per curiam) ("The district court

properly dismissed the complaint because lower courts lack jurisdiction to review decisions of

the United States Supreme Court or to compel Supreme Court clerks to take any action."); *In re

Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming district court's *sua

sponte* dismissal of complaint on the ground "that it lacked subject matter jurisdiction to review

any decision of the Supreme Court or its Clerk").

      Accordingly, it is

      ORDERED that the plaintiff's [2] application to proceed *in forma pauperis* is

GRANTED; and it is further

      ORDERED that the complaint and this civil action are DISMISSED.  This is a final

appealable Order.  *See* Fed. R. App. P. 4(a).

DATE: September 30, 2024              DABNEY L. FRIEDRICH
                                  United States District Judge

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:9161001@dcd.uscourts.gov
Subject:Activity in Case 1:24-cv-02061-UNA SANTOYO v. SUPREME COURT OF THE UNITED STATES
Order Dismissing Pro Se Case
```
Content–Type: text/html

## U.S. District Court

## District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 10/2/2024 at 3:19 PM and filed on 9/30/2024

**Case Name:**        SANTOYO v. SUPREME COURT OF THE UNITED STATES

**Case Number:**      1:24–cv–02061–UNA

**Filer:**

**WARNING: CASE CLOSED on 09/30/2024**

**Document Number:**  No document attached

**Docket Text:**
 **ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the application of the plaintiff to proceed in forma pauperis [2] is granted (See Docket Entry [5] to view document). This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Paul L. Friedman on 09/30/2024. (zcb)**


**1:24–cv–02061–UNA Notice has been electronically mailed to:**

**1:24–cv–02061–UNA Notice will be delivered by other means to::**

RUBEN SANTOYO
11701 S. Laramie Avenue
Alsip, IL 60803